# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * *    *
BERNHARD KRETEN,                         *
                                         *    No. 15-504V
                    Petitioner,          *    Special Master Christian J. Moran
                                         *
v.                                       *    Filed: November 30, 2018
                                         *
SECRETARY OF HEALTH                      *    Attorneys' Fees and Costs
AND HUMAN SERVICES,                      *
                                         *
                    Respondent.          *
* * * * * * * * * * * * * * * * * * *    *
```

Leah V. Durant, Law Offices of Leah V. Durant, PLLC, Washington, DC, for
Petitioner;
Heather L. Pearlman, United States Dep't of Justice, Washington, DC, for
Respondent.

## UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

---

[1] The undersigned intends to post this Decision on the United States Court of
Federal Claims' website. This means the ruling will be available to anyone with
access to the internet. In accordance with Vaccine Rule 18(b), petitioner has 14
days to identify and move to redact medical or other information, the disclosure of
which would constitute an unwarranted invasion of privacy.  If, upon review, the
undersigned agrees that the identified material fits within this definition, the
undersigned will redact such material from public access. Because this unpublished
ruling contains a reasoned explanation for the action in this case, undersigned is
required to post it on the United States Court of Federal Claims' website in
accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012)
(Federal Management and Promotion of Electronic Government Services).

Bernhard Kreten brought a successful petition for compensation under the National Childhood Vaccine Compensation Program. He now seeks an award for attorneys' fees and costs. He is awarded $178,396.30.

\*     \*     \*

Represented by Ms. Leah Durant, Mr. Kreten filed his petition for compensation on May 15, 2015. Mr. Patrick alleged that the influenza vaccine that he received on January 8, 2014, which is contained in the Vaccine Injury Table, 42 C.F.R. § 100.3(a), caused him to suffer chronic inflammatory demyelinating polyneuropathy. The parties were able to informally resolve the case, agreeing to a joint stipulation on award of compensation that was then adopted. Decision, issued January 24, 2018.

On September 4, 2018, petitioner moved for reimbursement of attorneys' fees and costs, requesting a total of $180,251.28 (representing $148,386.60 in attorneys' fees and $31,864.68 in attorneys' costs). Petitioner's Application for Attorneys' Fees and Costs ("Fees App.") at 1. Pursuant to General Order No. 9, petitioner warrants that he has not personally incurred any costs in pursuit of this litigation. Id.

On September 11, 2018, respondent filed his response to the petitioner's motion. In his response, respondent stated that he is "satisfied that the statutory and other legal requirements for an award of attorneys' fees and costs are met" and recommended that the undersigned exercise his discretion in determining "a reasonable award for attorneys' fees and costs." Resp't's Resp. at 2-3. Petitioner filed a reply on October 19, 2018, for the purpose of correcting a clerical error, providing further explanation for certain costs sought, and overall reiterating his belief that the requested amount of attorneys' fees and costs is reasonable.

This matter is now ripe for adjudication.

\*     \*     \*

Because Mr. Kreten received compensation, he is entitled to an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300aa-15(e). Thus, the question at bar is whether Mr. Kreten's requested amount is reasonable.

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. This is a two-step

process. <u>Avera v. Sec'y of Health & Human Servs.</u>, 515 F.3d 1343, 1348 (Fed. Cir. 2008). First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" <u>Id.</u> at 1347-48 (quoting <u>Blum v. Stenson</u>, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. <u>Id.</u> at 1348.

### A.   Reasonable Hourly Rates

Mr. Kreten requests the following rates for his attorney, Ms. Durant: $350.00 per hour for work performed in 2015, $350.00 per hour for work performed in 2016, $365.00 per hour for work performed in 2017, and $377.00 per hour for work performed in 2018. Fees App. at 41. Additionally, Petitioner requests compensation for her paralegal, Ashley Raina at rates ranging from $140.00-$150.00 per hour for work performed from 2015-2018. <u>Id.</u>

The rates requested for Ms. Durant are in line with what the undersigned and other special masters have awarded her for her work in the Vaccine Program. <u>See Hanson v. Sec'y of Health & Human Servs.</u>, No. 16-997V, 2018 WL 2772519, at *2 (Fed. Cl. Spec. Mstr. Mar. 9, 2018); <u>Goins v. Sec'y of Health & Human Servs.</u>, No. 15-848V, 2018 WL 702104, at *7 (Fed. Cl. Spec. Mstr. Jan. 10, 2018).

The paralegal rates requested have previously been found reasonable and are in line with forum rates for paralegals in each respective year. Accordingly, no adjustment to the requested rates is necessary.

### B.   Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. <u>See Saxton v. Sec'y of Health & Human Servs.</u>, 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary did not directly challenge any of the requested hours as unreasonable.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness.  <u>See McIntosh v. Sec'y of Health & Human Servs.</u>, 139 Fed. Cl. 238 (2018).

To facilitate the process of evaluating the reasonableness of an attorney's activities, in November 2004, the Office of Special Masters issued revised Guidelines for attorneys. The Guidelines state "counsel are advised to maintain

detailed contemporaneous records of time and funds expended under the Program."
Office of Special Masters, Guidelines for Practice under the National Vaccine
Injury Compensation Program (Rev. Nov. 2004) at § XIV. Detailed (or stated
another way, non-vague) contemporaneous records are the petitioner's
responsibility and allow the Office of Special Masters to determine the
reasonableness of attorneys' fees requests. See Avgoustis v. Shinseki, 639 F.3d
1340, 1344-45 (Fed. Cir. 2011) (stating that requiring entries which permit
effective review of the fees is in accord with cases from the Federal Circuit and the
Supreme Court).

Upon review of the submitted billing statement, the undersigned finds the
hours billed by Ms. Durant to be reasonable. Although the number of hours spent
on this case is large (401.3), Ms. Durant took great care to maintain clear billing
records, which describe the nature of each task performed and the amount of time
spent on those tasks. Given the unusual progression of this case (for a case which
ultimately settled), the overall complexity of Mr. Kreten's medical records, and the
fact that Ms. Durant was eventually able to reach a stipulation agreement with
Respondent, it appears that her time on this case was well spent. The undersigned
ultimately finds all of Ms. Durant's hours to be reasonable.

The hours of Ms. Raina, on the other hand, require some adjustment. The
first issue is that there are several instances of block billing by Ms. Raina. For
example, one entry on March 17, 2016 billed for 4.0 hours reads as follows:
"Paralegal Work: Scan and save additional expenses found onto spreadsheet and
PDF report. Thoroughly comb through hard file to see if there are any other bills
that have not been accounted for. Create separate tab within expense spreadsheet
for credit card statements. Begin inputting relevant credit card payments. Begin
categorizing payments by date and outstanding balance." Fees App. at 20.

Beyond the fact that several of these tasks are clerical in nature and thus not
compensable, entries such as this make it impossible for the undersigned to
determine how much time the paralegal spent on each task and whether the amount
of time spent on those tasks was reasonable. There are similar examples situated
throughout the billing records, typically beginning with the words "Paralegal
Work" and followed by a lengthy description of several different tasks performed.

Block billing, or billing large amounts of time without sufficient detail as to
what tasks were performed, is clearly disfavored. Broekelschen v. Sec'y of Health
& Human Servs., 07–137V, 2008 WL 5456319 (Fed. Cl. Spec. Mstr. Dec. 17,
2008) (reducing petitioner's attorneys' fees for block billing), mot. for rev. denied,

102 Fed. Cl. 719 (2011); see also Jeffries v. Sec'y of Health & Human Servs., 99–670V, 2006 WL 3903710 (Fed Cl. Spec. Mstr. Dec. 15, 2006).

Additionally, there are numerous instances of Ms. Raina billing for administrative and clerical tasks, such as handling payment for records, or preparing records for filing. It is well established that billing for clerical and other secretarial work is not permitted in the Vaccine Program. Rochester v. United States, 18 Cl. Ct. 379, 387 (1989) (denying an award of fees for time billed by a secretary and finding that "[these] services ... should be considered as normal overhead office costs included within the attorney's fee rates"). Besides the aforementioned instance, there are other examples of administrative/clerical work billed on 3/6/2015, 10/2/2015, and 3/7/16, among other dates. Fees App. 4-20.

In sum, the undersigned finds it necessary to reduce by five percent the total amount billed for paralegal work to address the aforementioned deficiencies. The billing record indicates that paralegal work in this case totaled $11,212.50. Thus, the undersigned shall reduce the total award of attorneys' fees by **$560.62**.

C.    Costs Incurred by The Law Offices of Leah V. Durant

The fees application also asks for reimbursement in the amount of $31,864.68 in for costs incurred by Ms. Durant. Fees App. at 1. Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994).

The requested costs can generally be broken down into three separate categories: costs related to the mediation services of former Chief Special Master Gary Golkiewicz ($6,742.36), costs incurred by Ms. Roberta Hurley in performing a site visit and preparing her life care plan ($10,027.14), and typical litigation costs incurred by Ms. Durant's firm, such as costs for medical records, travel, and the filing fee for this matter ($15,095.18). Fees App. Ex. 2 at 2-3. The undersigned shall address these categories in turn.

1.  Mediation Costs

Mr. Kreten requests total reimbursement in the amount of $6,742.36 for mediation services performed by former Chief Special Master Gary Golkiewicz. The former Chief Special Master billed 29.4 hours at $400.00 per hour, and

incurred total costs in the amount of $1,724.73 for a total billed amount of $13,484.73, which the parties agreed to split. Fees App. Ex. 2 at 56.

The services of the former Chief Special Master, including his hourly rate, have consistently been found to be reasonable by special masters. See Meadows v. Sec'y of Health & Human Servs., No. 16-861V, slip op. at 4-5 (Fed. Cl. Spec. Mstr. Oct. 31, 2018); Robinson v. Sec'y of Health & Human Servs., No. 15-967V, slip op. at 5 (Fed. Cl. Spec. Mstr. Sept. 12, 2018). The undersigned has reviewed the submitted billing statement as well as the submitted costs and finds them all to be reasonable. Accordingly, this cost shall be reimbursed in full.

### 2.  Life Care Plan Costs

Mr. Kreten next requests a total of $10,027.14 for the services of Ms. Roberta Hurley in creating a life care plan. The undersigned finds Ms. Hurley's hourly rate ($125.00) to be reasonable for the services of a life care planner. Additionally, the time spent on preparing the plan appears to be reasonable given the overall complexity of the case.

One reduction must be made, however, for the purchase of alcohol. One of the receipts for food submitted contains a line indicating that an alcohol tax was imposed on the total bill. Fees App. Ex. 2 at 47. While petitioner did not include a copy of the receipt that contains an itemized list of items ordered, the undersigned can infer that such a tax is unlikely to have been imposed unless alcohol had been ordered with the meal.

It is well-settled that the vaccine Program does not reimburse for alcohol. Bhuiyan v. Sec'y of Health & Human Servs., No. 05-1269V, 2015 WL 2174208, at *8 (Fed. Cl. Spec. Mstr. Apr. 16, 2015). Because an itemized receipt was not provided (thus the amount spent on alcohol cannot be ascertained), the undersigned will reduce this cost by half. Accordingly, this results in a reduction of **$16.96**.

### 3.  General Litigation Costs

Finally, Mr. Kreten requests reimbursement in the amount of $15,095.18 for the remainder of the costs incurred in this case. Most of these costs are typical to Vaccine Program cases, such as costs for medical records, the filing fee, mailing documents, and travel to and from mediation and a site visit. Fees App. Ex. 2 at 2. Petitioner has submitted adequate documentation for these costs and they shall therefore be reimbursed.

The undersigned must, however, address one cost sought in greater detail. Ms. Durant billed $1,510.35 for a first class flight from Washington, DC, to San Diego, California, for a site visit. No doubt cognizant of the well-established rule that upgraded methods of travel, including first class airfare, are not compensable in the Vaccine Program, Mr. Kreten also submitted an affidavit prepared by Ms. Durant, explaining that the first class ticket "was the only ticket that was available on the dates I was needed to travel." Reply at 4. In an effort to then mitigate her total costs, Ms. Durant stated that "I did not charge at all for the airfare for my second trip to Los Angeles.[2] In an effort to save the Vaccine Program money, I used my personal miles to pay for my ticket and did not bill for the airfare for the trip in August 2017." Id. at 4-5.

While the undersigned appreciates Ms. Durant's efforts to mitigate the amount of costs, her proposed solution is untenable. First, the undersigned notes that in the Washington, DC area, where Ms. Durant has established her law practice, there are three separate airports – Ronald Reagan Washington National Airport, Baltimore-Washington International Airport ("BWI"), and Dulles International Airport. Between these three airports and a plethora of airlines to fly on, Ms. Durant no doubt had numerous options to get from Washington, DC to San Diego. While the undersigned does not question the veracity of Ms. Durant's statement that the first class airfare was all that was available at the time she booked her flight, that does not necessarily make the action reasonable. Did Ms. Durant book her May 2017 flight as soon as possible, or was there inaction on her part which lead to a reduction in options available?

The provided narrative indicates that the original purpose of the trip was to attend a mediation with former Chief Special Master Golkiewicz until "respondent asked that the mediation be cancelled and that the parties use the date in Los Angeles for a site visit with the parties' respective life care planners." Reply at 2. Such an event, involving counsel for petitioner and respondent and a mediator, with so many moving parts would likely have been, in the undersigned's experience, planned well in advance of the actual event. Indeed, Ms. Durant stated in a Status Report filed on March 3, 2017, that the parties and the former chief special master engaged in a teleconference on February 22, 2017, during which

---

[2] The undersigned notes that although Ms. Durant specifies her travel as to Los Angeles, the submitted receipt for the flight indicates that she flew from DCA to San Diego. Fees App. Ex. 2 at 21.

they scheduled the date and location of the mediation. Ms. Durant had nearly two months to book her travel arrangements. The undersigned will therefore reduce the amount awarded.

The question then becomes one of the quantum of reduction. While it is impossible at this point in time to determine what the average flight from the Washington, DC region to San Diego would have cost in early 2017, the submitted documentation provides a useful data point. The billing records indicate that former Chief Special Master Golkiewicz spent $457.95 on direct, round-trip airfare from BWI to San Diego. This is, in the undersigned's opinion, a reasonable amount to award to petitioner for the May 2017 flight. Accordingly, a reduction to awarded attorneys' costs in the amount of **$1,052.40**.[3]

The undersigned also notes that on each of her trips to San Diego, Ms. Durant chose to have her rental car valet parked at a cost of $45.00 per day. Fees App. Ex. 2 at 23, 27. Ms. Durant has failed to substantiate why it was necessary to valet park her car each day she was there when other parking arrangements were no doubt available and less expensive. The hotel bills indicate five instances of valet parking charges. This results in a reduction of **$225.00**.

D.     Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award a total of **$178,396.30** (representing $147,825.98 in attorneys' fees and $30,570.32 in costs) as a lump sum in the form of a check jointly payable to petitioner and his counsel, Ms. Leah Durant, Esq.

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

---

[3] The undersigned notes that had Ms. Durant not taken the step of self-deducting the amount of the second trip from the costs sought, he likely would have declined to reimburse petitioner at all for the cost of the first class airfare.

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

s/Christian J. Moran
Christian J. Moran
Special Master